UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL T. GIBBS, JR. #303107,

      Plaintiff,

v.                                     3:09-cv-613

BILL DAY, JOHN DOE A,
and JOHN DOE B,

      Defendants.

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. §

1983 and an application to proceed *in forma pauperis*. It appears from the application that

the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly,

pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and

USM 285 form) for defendant Bill Day. Process shall not issue against the "John Doe"

defendants until plaintiff provides the Clerk's Office with the correct names and addresses

of these individuals.

The plaintiff is **ORDERED** to complete the service packet for defendant Bill Day and

return it to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At

that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Bill Day shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against defendant Day.

Plaintiff is **ORDERED** to inform the court, and the defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Pursuant to § 804 of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), the plaintiff is **ORDERED** to submit, within fifteen (15) days of the date of this Order, a certified copy of his inmate trust account statement for the six-month period preceding the date of his application to proceed *in forma pauperis*.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

      **ENTER:**

s/ Thomas W. Phillips
United States District Judge

3