UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL T. GIBBS, JR.,         )
                                        )
        *Plaintiff*,          )
                                        )
v.                              )     No.  3:09-cv-613
                                        )
                                        )
BILL DAY, JOHN DOE A.       )
and JOHN DOE B.             )
                                        )
        *Defendants*.      )

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by defendant Bill Day and plaintiff's response thereto, the plaintiff's motions to amend the complaint, and various other motions filed by the parties. For the following reasons, plaintiff's motions to amend the complaint [Court File Nos. 13, 14, 26, and 27] will be **GRANTED**, defendant Day's motion to dismiss [Court File No. 11] will be **GRANTED**, the John Doe defendants will be **DISMISSED**, all other pending motions will be **DENIED** as **MOOT**, the court will **DECLINE** to exercise supplemental jurisdiction over plaintiff's pendent state law claims, and this action will be **DISMISSED WITH PREJUDICE**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint.
In considering a motion to dismiss, all well-pleaded allegations in the complaint must be
regarded as true and all factual allegations must be construed in favor of the plaintiff.
*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th
Cir. 1989).  Dismissal "is proper when it is established beyond a doubt that the plaintiff
cannot prove any set of facts consistent with the allegations that would entitle such plaintiff
to relief." *Collins*, 892 F.2d at 493.  *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley
v. Gibson*, 355 U.S. 41, 45-46 (1957).


II.     Factual Background

Plaintiff  is in the custody of the Tennessee Department of Correction (TDOC).
Defendant Bill Day is a probation officer with the State of Tennessee.  The John Doe
defendants are defendant Day's supervisor and his supervisor.  The defendants have been
sued in both their individual and official capacities.

Plaintiff alleges that he was released from the custody of the TDOC in December
2006.  In August 2007, he was told to report to the office of defendant Day, who was his
probation officer.  Apparently, there was some confusion on plaintiff's part concerning his
probation and thus he was late in reporting to his probation officer.  According to plaintiff,

2

when he did report, the defendant told him to close his office door and stand next to defendant's desk. Plaintiff alleges that the defendant then asked plaintiff to pull down his pants and underwear, and when he objected, the defendant threatened to violate plaintiff's probation and send him back to prison. Plaintiff then pulled down his pants and underwear, and the defendant observed his genitals for a short period of time, until plaintiff pulled his pants and underwear back up.

Plaintiff alleges that from that point on, he felt violated and targeted by the defendant. According to plaintiff, each urine test was very difficult because the defendant would stand over plaintiff in the stalls of the restroom to view his genitals while he filled the cup. Plaintiff alleges that this went on from August 2007 through March 2009, and in April 2009 plaintiff failed the program because he did not want to experience any more sexual harassment from the defendant. He was arrested and taken to jail before being placed back in state custody.

Plaintiff alleges his First Amendment right to privacy, his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment right to equal protection were violated by the defendant's conduct. He also alleges the state law torts of sexual harassment, sexual misconduct, negligence, and discrimination. Plaintiff seeks compensatory and punitive damages. Although plaintiff originally sought injunctive relief in the form of release from prison and unsupervised probation, he dismissed that request in his response to the defendant's motion to dismiss.

The defendant moves to dismiss the complaint based upon absolute immunity, quasi-judicial immunity, and the statute of limitation. The defendant also moves the court to dismiss plaintiff's pendent state law claims.

After the defendant's motion to dismiss was filed, plaintiff filed four motions to amend the complaint. In the first [Court File No. 13], plaintiff restates his claims and contends that defendant Day is not entitled to immunity. In the second [Court File No. 14], plaintiff alleges that his claims were a continuing violation. In the third and fourth [Court File Nos. 26 and 27, respectively], plaintiff alleges a retaliation claim against defendant Day. Plaintiff's motions to amend the complaint will be granted. Nevertheless, the motion to dismiss will be granted.

III.    Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

*A. Statute of Limitation*

Averments of time are material for the purpose of testing the sufficiency of a pleading. Fed. R. Civ. P. 9(f). Accordingly, a complaint can be dismissed as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). *Ott v. Midland-Ross Corporation*, 523 F.2d 1367, 1369 (6th Cir. 1975).

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff filed his complaint on December 22, 2009.[1] The defendant avers that any claim that arose prior to December 22, 2008, is barred by the statute of limitation. Plaintiff argues that his claims should not be time-barred because they were related and thus a continuing violation. Traditionally, there were two ways in which a plaintiff could demonstrate a continuing violation:

---

[1]The complaint was received by the Clerk's Office on December 23, 2009. However, the envelope bears a prison mail room stamp of December 22, 2009. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

[T]he continuing violation doctrine embraces two types of cases: 1) cases in which the violation occurred outside the period of the statute of limitations but is closely related to violations that are not time-barred, and 2) cases in which an initial violation outside the statute's limit is repeated within the statute period, with the result that the limitations period begins anew with each violation and recovery is available for violations that occur within the period of limitations.

*Anderson v. City of Bristol, Tennessee*, 6 F.3d 1168, 1174-75 (6th Cir. 1993) (citing *Hendrix v. City of Yazoo City*, 911 F.2d 1102, 1103 (5th Cir.1990)).

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court explained, in the Title VII context, that:

[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180-or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

*Id*. at 113.

The Sixth Circuit has extended the reasoning in *Morgan* to the § 1983 context. "Accordingly, *Morgan* overturns prior Sixth Circuit law addressing serial violations, *i.e.*, plaintiffs are now precluded from establishing a continuing violation exception by proof that the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period." *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003).

Based upon the holding in *Sharpe*, the continuing violation doctrine does not apply in plaintiff's case with respect to claims that arose prior to December 22, 2008. Accordingly, those claims are barred by the statute of limitation.

### *B. Absolute Immunity*

The State of Tennessee is immune from suit under § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979); *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986); *American Civil Liberties Union of Tennessee v. State of Tennessee*, 496 F. Supp. 218 (M.D. Tenn. 1980). For that reason, to the extent that an individual defendant is sued in his official capacity for money damages, then that defendant is entitled to absolute immunity under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Accordingly, to the extent plaintiff has sued defendant Day in his official capacity, the defendant enjoys absolute immunity from suit.

*C.  Quasi-Judicial Immunity*

A state official may be held personally liable under § 1983 in his individual capacity for actions taken in his official capacity.  *Hafer v. Melo*, 502 U.S. 21 (1991).  Nevertheless, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Sixth Circuit has held that, to the extent a probation officer is performing duties to ensure that an individual "is complying with the terms of probation," the probation officer is "performing a quasi-judicial function" and entitled to "quasi-judicial immunity." *Balas v. Leishman-Donaldson*,  No. 91-4073, 1992 WL 217735 at *5 (6th Cir. Sept. 9, 1992) (unpublished decision). *See also Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476 (6th Cir. March 1, 2007) ("The Court agrees with the reasoning of the *Balas* opinion.").

The United States District Court for the Western District of Tennessee has concluded that a probation officer's procuring a drug screen from a probationer "is also a quasi-judicial function, necessary in order to enforce the [probationer's] sentence, for which [the probation officer] is entitled to absolute immunity." *Beasley v. Allen*, No. 05-1116, 2006 WL 686338 at *3 n.3 (W.D. Tenn. March 15, 2006).  This court agrees.  The court finds that defendant Day is entitled to quasi-judicial immunity on plaintiff's claim that the defendant visually

observed the collection of urine from the plaintiff, despite plaintiff's attempt to characterize the supervised urine collection as sexual harassment.

In his response to the motion to dismiss, plaintiff points out that the initial incident with defendant Day occurred in his office, not a restroom, and did not involve the collection of urine for a drug screen. That incident, however, occurred in August 2007, and thus any claim in relation to the incident is barred by the statute of limitation.

With respect to his claim of retaliation, plaintiff alleges that on September 10, 2010, defendant Day somehow added years to plaintiff's sentence in retaliation for his reporting the defendant's misconduct. Plaintiff states no facts in support of his claim. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

### D. John Doe Defendants

Plaintiff's claims against the John Doe defendants A and B are that they are, respectively, defendant Day's supervisor, and the supervisor's supervisor, and that they knew or should have known of his improper conduct. To the extent defendant Day is entitled to immunity, such is the case with respect to the John Doe defendants and they are entitled to dismissal of plaintiff's claims.

*E. Supplemental Jurisdiction over State Law Claims*

All that remain for consideration are plaintiff's pendent state law claims for the torts of sexual harassment, sexual misconduct, negligence, and discrimination. Pursuant to 28 U.S.C. § 1367 (c)(2), a district court "may decline to exercise supplemental jurisdiction" over pendent state law claims if "the district court has dismissed all claims over which it has original jurisdiction." That being the case here, the court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

IV.   Conclusion

Plaintiff's motions to amend the complaint will be **GRANTED**, defendant Day's motion to dismiss will be **GRANTED**, the John Doe defendants will be **DISMISSED**, all other pending motions will be **DENIED** as **MOOT**, the court will **DECLINE** to exercise supplemental jurisdiction over plaintiff's pendent state law claims, and this action will be **DISMISSED WITH PREJUDICE**.

   **AN APPROPRIATE ORDER WILL ENTER.**

                                         s/ Thomas W. Phillips
                                   United States District Judge